UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GENZYME CORPORATION | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 05-10626 PBS |
| v. | ) ) ) | |
| SYNPEP CORPORATION | ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S MOTION TO VACATE
DISMISSAL AND RE-OPEN MATTER**

Plaintiff Genzyme Corporation ("Genzyme") hereby requests that the Court vacate the Order of Dismissal issued on December 29, 2005 and re-open the above-referenced matter. As grounds for this motion, Genzyme states as follows:

1. On or about March 30, 2005, Plaintiff Genzyme filed a Complaint against Defendant SynPep Corporation ("SynPep") which asserts claims against SynPep for breach of contract, breach of the implied covenant of good faith and fair dealing, and unfair and deceptive business practices pursuant to M.G.L.c. 93A, §§ 2 and 11. In the Complaint Genzyme seeks to recover damages of $105,345.75.

2. On or about June 28, 2005, the parties reached a settlement and, thereafter, entered into a Structured Settlement Agreement which required SynPep to purchase $98,000 worth of certain amino acid derivatives ("Product") from Genzyme, over a period of six consecutive months, pursuant to the following quantities and prices:

| AMOUNT | PRODUCT | PRICE |
|---|---|---|
| 20 kilos | Fmoc L-Trp(Boc)-OH | $3,000 per kilo |
| 10 kilos | Fmoc L-Cys(Trt)-OH | $2,100 per kilo |
| 10 kilos | Fmoc L-His(Trt)-OH | $1,700 per kilo |

*See* Structured Settlement Agreement attached as Exhibit 1.

  3. To ensure that SynPep honored the terms of the Structured Settlement Agreement, at the time of the settlement the parties also executed an Agreement for Consent Judgment and Periodic Payment Schedule "Consent Judgment".  Attached as Exhibit 2.  The Consent Judgment provides that if SynPep breaches the Structured Settlement Agreement and fails to timely complete the required monthly purchases of Product from Genzyme, it will be considered in default of the parties' Structured Settlement Agreement.  *Id.* at § 4.  The Consent Judgment also provides that in the event SynPep fails to cure the default within fourteen (14) calendar days of service of a Notice of Default on SynPep and its counsel of record, SynPep is obligated to immediately pay Genzyme the entire amount demanded in the Complaint plus interest ($105, 345.75 plus interest at the annual rate of twelve percent (12%) compounded monthly from M arch 20, 2005).  *Id.* at § 5.

  4. SynPep was required to make its final purchase of Product under the Structured Settlement Agreement by December 15, 2005.  It failed to do so.  On December 27, 2005, Genzyme served SynPep and its counsel of record with a Notice of Default which indicated that SynPep had until January 10, 2006 to cure its default and make the final payment.  Despite repeated promises by SynPep and its counsel that it would timely cure the default and make the necessary payment, to date SynPep has till

not made the required payment. As a result, pursuant to the explicit terms of the Consent Judgment, SynPep now owes Genzyme the entire amount demanded in the Complaint plus interest ($105, 345.75 plus interest). *Id.* at § 5.

5. Genzyme has repeatedly contacted SynPep's counsel and requested that SynPep honor the terms of the Structured Settlement Agreement and Consent Judgment, but it has refused to do so. Therefore, at this point, Genzyme has no choice but to seek the Court's intervention and enforce the parties' Consent Judgment.

WHEREFORE, Plaintiff Genzyme Corporation respectfully requests that the Court vacate the Order of Dismissal issued on December 29, 2005 and re-open the above-referenced matter so that it can enforce the Consent Judgment signed by the parties.

Respectfully submitted by the Plaintiff,

**GENZYME CORPORATION**

By its attorney,

/s/ Alexander Furey

_____
Alexander Furey, BBO# 634157
Furey & Associates LLC
28 State Street
Suite 1100
Boston, Massachusetts 02109
Phone (617) 573-5114

Dated: January 20, 2006

## STRUCTURED SETTLEMENT AGREEMENT

This Structured Settlement Agreement ("Agreement") is hereby entered into by and between plaintiff **GENZYME CORPORATION** ("Genzyme") and defendant **SYNPEP CORPORATION** ("SynPep"):

WHEREAS, on or about July 2, 2002, Genzyme and SynPep entered into a Sales Agreement ("Agreement") whereby SynPep agreed to purchase a minimum amount of certain amino acid derivatives ("Product") from Genzyme.

WHEREAS, on or about March 30, 2005, Genzyme filed a Complaint in the United States District Court for the District of Massachusetts entitled *Genzyme Corporation v. SynPep Corporation, Civil Action No. 05-10626 PBS*, which asserted claims against SynPep for Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, and Unfair and Deceptive Business Practices pursuant to M.G.L. c. 93A, §§ 2 and 11 (the "Litigation").

WHEREAS, in the Complaint Genzyme seeks damages of $105,345.75.

WHEREAS, to settle the claims at issue, the parties have agreed to a structured settlement wherein Synpep will purchase from Genzyme $98,000 worth of Product and will reimburse Genzyme $6,000 for legal fees pursuant to the terms and conditions of this Agreement.

WHEREAS, upon completion of all of the duties and obligations set forth below, this Agreement will act as full and final compromise and settlement of any and all claims, counterclaims, and causes of action of every kind and nature whatsoever, whether known or unknown, from the beginning of the world through the completion of this Agreement, that were or reasonably could have been raised in the Litigation or that otherwise relate to Genzyme's dealings and/or contracts with SynPep.

NOW, THEREFORE, in consideration of the mutual promises, covenants, and agreements contained herein, and for other good and valuable consideration, receipt of which is hereby acknowledged, the parties agree as follows:

1. **AGREEMENT FOR CONSENT JUDGMENT AND PERIODIC PAYMENT SCHEDULE.** Genzyme and SynPep agree to execute an Agreement for Consent Judgment and Periodic Payment Schedule ("Agreement for Consent Judgment"), attached hereto as Schedule A. The parties agree that the filing of the Agreement for Consent Judgment is conditional upon the material breach by SynPep of the periodic payment schedule set forth herein, and that Genzyme will hold the original executed Agreement for Consent Judgment in escrow, subject to a material breach of the terms of this Agreement, without cure in accordance with Section 5 of this Agreement. As a precondition to filing the Agreement for Consent Judgment, Genzyme must attest to the Court as follows:

Genzyme Corporation v. SynPep Corporation
Structured Settlement Agreement
June 24, 2005

SynPep Corporation ("SynPep") has failed to make payment under the periodic payment schedule set forth in the Agreement for Consent Judgment and Periodic Payment Schedule executed by SynPep and Genzyme Corporation ("Genzyme"), and SynPep has failed to cure any such breach within fourteen (14) calendar days of receiving written notice by Genzyme of its failure to make such payment.

2. **MUTUAL GENERAL RELEASE AND DISCHARGE.** Upon completion of all of the duties and obligations set forth herein, Genzyme and its officers, employees, executors, administrators, assigns, successors in interest, heirs and/or beneficiaries do hereby release, remise and forever discharge SynPep and its officers, employees, and any other partnerships, firms or corporations with whom SynPep has been, is now, or may hereafter be affiliated jointly and severally, of and from any and all past and present claims, demands and damages of every name and nature, both in law and equity, that Genzyme has or ever had from the beginning of the world to this date against SynPep, for which claims or counterclaims were brought or could have been brought in the Litigation.

Likewise, upon completion of all of the duties and obligations set forth herein, SynPep, and its officers, employees, executors, administrators, assigns, successors in interest, heirs and/or beneficiaries do hereby release, remise and forever discharge Genzyme and its officers, employees, and any and all other, partnerships, firms or corporations with whom Genzyme has been, is now, or may hereafter be affiliated jointly and severally, of and from any and all past and present claims, demands and damages of every name and nature, both in law and equity, that Synpep has or ever had from the beginning of the world to this date against Genzyme, for which claims or counterclaims were brought or could have been brought in the Litigation.

3. **SYNPEP'S PURCHASE OF PRODUCT.** In connection with and as a condition for this Agreement, SynPep will purchase from Genzyme $98,000 worth of Product pursuant to the following quantities and prices:

| AMOUNT | PRODUCT | PRICE |
|---|---|---|
| 20 kilos | Fmoc L-Trp(Boc)-OH | $3,000 per kilo |
| 10 kilos | Fmoc L-Cys(Trt)-OH | $2,100 per kilo |
| 10 kilos | Fmoc L-His(Trt)-OH | $1,700 per kilo |

4. **PERIODIC PAYMENT SCHEDULE.** SynPep agrees to purchase such Product from Genzyme via six consecutive monthly installments of a minimum of $16,333.33, starting June 30, 2005 and ending November 15, 2005. After SynPep's initial purchase of Product on June 30, 2005, payment for such Product will be due to Genzyme on or before the 15th day of each month. Payment will be in the form of a certified or company check made payable to "Genzyme Corporation". If payment is made by company check, then Genzyme may wait on shipment of Product until the funds have cleared and are accessible to Genzyme. Payment will be sent via U.S. Mail or other recognized mail delivery service to:

2

Genzyme Corporation v. SynPep Corporation
Structured Settlement Agreement
June 24, 2005

    David M. DeLoria
    Director of Marketing and Special Projects
    Genzyme Pharmaceuticals
    500 Kendall Street
    Cambridge, Massachusetts

Each month, SynPep will provide Genzyme with a Purchase Order specifically identifying the type and amount of Product to be purchased. Genzyme will not ship any Product to SynPep until it receives a monthly Purchase Order and the required monthly payment.

5. **DEFAULT and NOTICE/CURE.** If SynPep breaches the Agreement and fails to timely (by the 15th day of the month after the initial payment on June 30th) purchase a minimum of $16,333.33 worth of Product from Genzyme during any given month, it will be considered in default of this Agreement. After service (via facsimile and U.S. Mail) of written notice of default on both SynPep and its counsel of record, SynPep will have **14 calendar days** to cure the default by completing its required monthly purchase of Product. Service of written notice will be considered complete upon deposit of such notice in the U.S. Mail. In the event SynPep fails to cure the default within **14 calendar days** of service of the notice of default on SynPep and its counsel of record, SynPep will be obligated to immediately pay Genzyme the entire amount demanded in the Complaint plus interest ($105,345.75 plus interest at the annual rate of twelve percent (12%) compounded monthly from March 20, 2005).

Any notices hereunder shall be sent to:

| As to Genzyme | As to SynPep |
|---|---|
| Jennifer M. Goddard, Esq. | Gary Gottschling |
| Counsel, Employment and Litigation | Corporate Controller |
| Genzyme Corporation | SynPep Corporation |
| 500 Kendall Street | P.O. Box 2999 |
| Cambridge, Massachusetts | Dublin, CA 94568 |
| | |
| with a copy to: | with a copy to: |
| | |
| Alexander Furey, Esq. | Jason W. Morgan, Esq. |
| Furey & Associates LLC | Drohan, Hughes, Tocchio & Morgan, P.C. |
| 28 State Street, Suite 1100 | 175 Derby Street, Suite 30 |
| Boston, MA 02109 | Hingham, MA 02043 |

3

Genzyme Corporation v. SynPep Corporation
Structured Settlement Agreement
June 24, 2005

If SynPep fails to timely cure its default under the Agreement, 21 calendar days after service of the Notice of Default, Genzyme has the right to file the Agreement for Consent Judgment, as provided for herein.

6.  **THE LITIGATION.** Provided that SynPep is not in material breach of the periodic payment schedule set forth herein, subject to cure as set forth herein, the Agreement for Consent Judgment will be held in escrow by Genzyme and will not be filed with the Court. In the interim, Genzyme agrees not to default SynPep. If necessary, Genzyme agrees to represent to the Court that the parties are working towards a final settlement, such that the Court will not impose judgment against SynPep.

7.  **ENTRY OF STIPULATION OF DISMISSAL.** Upon SynPep's completion of all of its duties and obligations set forth herein (i.e. purchase of $98,000 worth of Product from Genzyme and payment of $6,000 for legal fees), in accordance with Fed. R. Civ. P. 41, Genzyme will dismiss with prejudice (by December 15, 2005) the Litigation.

8.  **RESOLUTION OF DISPUTED CLAIMS AND COUNTERCLAIMS.** All parties hereto acknowledge and agree that compliance with or performance of the terms of this Agreement is not intended to be, and shall not be construed or represented to be, an admission of liability on the part of any of them in any manner or amount, but is mutually understood as an amicable resolution of genuinely disputed claims and counterclaims, liability for which is categorically denied by each party against whom such claim has been asserted, and is undertaken solely in order to avoid further uncertainty, controversy, notoriety, and expense of litigation.

9.  **ENTIRE AGREEMENT AND SUCCESSORS IN INTEREST.** This Agreement contains the entire agreement between the parties with regard to the matters set forth herein, and shall be binding upon and inure to the benefit of the executors, administrators, representative, successors and assigns of each party. This Agreement may be executed in separate counterparts, which shall collectively constitute a fully executed agreement.

10. **GOVERNING LAW.** This Structured Settlement Agreement shall be construed and interpreted in accordance with the laws of the Commonwealth of Massachusetts, without giving effect to its conflict of law rules.

Genzyme Corporation v. SynPep Corporation,
Structured Settlement Agreement
June 24, 2005

11. **ATTORNEYS FEES**. In connection with and as a condition of this Structured Settlement Agreement, SynPep will pay Genzyme a lump sum of **$6,000** for legal fees. Payment for such legal fees will be due to Genzyme on or before June 30, 2005. Payment for such legal fees will be in the form of a separate check made payable to "Genzyme Corporation" and will be sent via U.S. Mail or other recognized mail delivery service to:

> Jennifer M. Goddard, Esq.
> Counsel, Employment and Litigation
> Genzyme Corporation
> 500 Kendall Street
> Cambridge, Massachusetts

12. **AGREEMENT IS COMPLETE UNDERSTANDING**. This Agreement constitutes the complete understanding between the parties, and no other promises or agreements shall be binding upon the parties unless in writing and signed by the parties and their counsel of record.

13. **TERMS CONFIDENTIAL**. The existence, terms, and conditions of this Agreement are, and shall be deemed to be, confidential and shall not hereafter be disclosed by the parties to any other person or entity, except as may be required by law.

14. **EXECUTION OF AGREEMENT**. This Agreement may be executed in as many counterparts as may be convenient or required. All counterparts shall collectively constitute a single instrument, and signature pages may be exchanged by facsimile provided that they are sent also by first class mail.

Dated:					David M. DeLoria
					Director of Marketing and Special Projects
					Genzyme Pharmaceuticals
					500 Kendall Street
					Cambridge, Massachusetts

Dated:					Gary Gottschling
					Corporate Controller
					SynPep Corporation
					P.O. Box 2999
					Dublin, CA 94568

5

Genzyme Corporation v. SynPep Corporation
Structured Settlement Agreement
June 24, 2005

11. **ATTORNEYS FEES**. In connection with and as a condition of this Structured Settlement Agreement, SynPep will pay Genzyme a lump sum of $6,000 for legal fees. Payment for such legal fees will be due to Genzyme on or before June 30, 2005. Payment for such legal fees will be in the form of a separate check made payable to "Genzyme Corporation" and will be sent via U.S. Mail or other recognized mail delivery service to:

   Jennifer M. Goddard, Esq.
   Counsel, Employment and Litigation
   Genzyme Corporation
   500 Kendall Street
   Cambridge, Massachusetts

12. **AGREEMENT IS COMPLETE UNDERSTANDING**. This Agreement constitutes the complete understanding between the parties, and no other promises or agreements shall be binding upon the parties unless in writing and signed by the parties and their counsel of record.

13. **TERMS CONFIDENTIAL**. The existence, terms, and conditions of this Agreement are, and shall be deemed to be, confidential and shall not hereafter be disclosed by the parties to any other person or entity, except as may be required by law.

14. **EXECUTION OF AGREEMENT**: This Agreement may be executed in as many counterparts as may be convenient or required. All counterparts shall collectively constitute a single instrument, and signature pages may be exchanged by facsimile provided that they are sent also by first class mail.

Dated: 6/28/05

David M. DeLoria
Director of Marketing and Special Projects
Genzyme Pharmaceuticals
500 Kendall Street
Cambridge, Massachusetts

Dated:

Gary Gottschling
Corporate Controller
SynPep Corporation
P.O. Box 2999
Dublin, CA 94568

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENZYME CORPORATION<br><br>      Plaintiff,<br><br>v.<br><br>SYNPEP CORPORATION<br><br>      Defendant. | Civil Action No. 05-10626 PBS |

**AGREEMENT FOR CONSENT JUDGMENT
AND PERIODIC PAYMENT SCHEDULE**

**AND NOW COME** Plaintiff Genzyme Corporation ("Genzyme") and Defendant SynPep Corporation ("SynPep") and hereby agree as follows:

1. This Agreement for Consent Judgment and Periodic Payment Schedule ("Agreement for Consent Judgment") is conditional upon the breach by SynPep of the periodic payment schedule set forth herein.

2. <u>Escrow</u>. This Agreement for Consent Judgment will be held in escrow by Genzyme, subject to the conditions contained herein. As a precondition to filing this Agreement for Consent Judgment, Genzyme must attest to the Court that SynPep has failed to make payment under the periodic payment schedule set forth herein and that SynPep has failed to cure, pursuant to Section 5 of the Structured Settlement Agreement, any such breach within fourteen (14) calendar days of receiving written notice of its failure to make such payment.

3. **Periodic Payment Schedule.** Over the next six consecutive months (from June 30, 2005 to November 15, 2005), SynPep must purchase **$98,000** worth of amino acid derivatives ("Product") from Genzyme in the quantities and at the prices listed below:

| AMOUNT | PRODUCT | PRICE |
| --- | --- | --- |
| 20 kilos | Fmoc L-Trp(Boc)-OH | $3,000 per kilo |
| 10 kilos | Fmoc L-Cys(Trt)-OH | $2,100 per kilo |
| 10 kilos | Fmoc L-His(Trt)-OH | $1,700 per kilo |

SynPep's purchase of such Product from Genzyme will be in the form of six consecutive minimum monthly installment payments of $16,333.33, starting June 30, 2005 and ending November 15, 2005. After SynPep's initial purchase of Product on June 30, 2005, payment for such Product will be due to Genzyme on or before the 15th day of each month. Payment for Product will be made by certified or company check. If payment is made by company check, then Genzyme may wait on shipment of Product until the funds have cleared and are accessible to Genzyme. Payment will be sent via U.S. Mail or other recognized mail delivery service to:

> David M. DeLoria
> Director of Marketing and Special Projects
> Genzyme Pharmaceuticals
> 500 Kendall Street
> Cambridge, Massachusetts

4. **Notice and Cure.** If SynPep breaches the Agreement and fails to timely (by the 15th day of the month after the initial payment on June 30th) purchase a minimum of $16,333.33 worth of Product from Genzyme during any given month, it will be considered in default of the parties' Agreement. After service (via facsimile and U.S. Mail) of written notice of default on both SynPep and its counsel of record, SynPep will have fourteen (14) calendar days to cure the default by completing its required monthly

purchase. Service of written notice will be considered complete upon deposit of such notice in the U.S. Mail.

5. **Default.** In the event SynPep fails to cure any default within fourteen (14) calendar days of service of the notice of default on SynPep and its counsel of record, SynPep will be obligated to immediately pay Genzyme the entire amount demanded in the Complaint plus interest ($105,345.75 plus interest at the annual rate of twelve percent (12%) compounded monthly from March 20, 2005).

6. **Confidentiality.** Genzyme and SynPep agree that the existence, terms, and conditions of this Agreement for Consent Judgment are to be kept confidential, in escrow, unless and until such time that Genzyme is permitted to file this Agreement for Consent Judgment in accordance with the terms herein.

7. **Litigation.** Provided that SynPep is not in material breach of the periodic payment schedule set forth herein, subject to cure in accordance with Section 5 of the Structured Settlement Agreement, this Agreement for Consent Judgment will be held in escrow and will not be filed with the Court. In the interim, while this Agreement for Judgment is in effect, Genzyme agrees not to default SynPep. If necessary, Genzyme

agrees to represent to the Court that the parties are working towards settlement, such that the Court will not impose judgment against SynPep.

**GENZYME CORPORATION**
By its attorney,

_____
Alexander Furey, BBO# 634157
Furey & Associates LLC
28 State Street, Suite 1100
Boston, Massachusetts 02109
Phone (617) 573-5114

Dated: June 24, 2005

**SYNPEP CORPORATION**
By its attorney,

_____
Jason W. Morgan, BBO# 633802
Drohan, Hughes, Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043
Phone (781) 749-7200

**SO ORDERED:**

_____
United States District Court Judge

4

agrees to represent to the Court that the parties are working towards settlement, such that the Court will not impose judgment against SynPep.

| **GENZYME CORPORATION**<br>By its attorney, | **SYNPEP CORPORATION**<br>By its attorney, |
|---|---|
| _/s/ Alexander Furey_<br>Alexander Furey, BBO# 634157<br>Furey & Associates LLC<br>28 State Street, Suite 1100<br>Boston, Massachusetts 02109<br>Phone (617) 573-5114 | _____<br>Jason W. Morgan, BBO# 633802<br>Drohan, Hughes, Tocchio & Morgan, P.C.<br>175 Derby Street, Suite 30<br>Hingham, MA 02043<br>Phone (781) 749-7200 |

Dated: June 24, 2005

**SO ORDERED:**

_____
United States District Court Judge