**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

_____

|  |  |  |
|---|---|---|
| GENZYME CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-10626 PBS |
| | ) | |
| v. | ) | |
| | ) | |
| SYNPEP CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

_____)

**PLAINTIFF'S MOTION TO ENFORCE AGREEMENT FOR
CONSENT JUDGMENT AND PERIODIC PAYMENT SCHEDULE**

Plaintiff Genzyme Corporation ("Genzyme") hereby requests that the Court

enforce the Agreement for Consent Judgment and Periodic Payment Schedule ("Consent

Judgment") signed by the parties on or about June 24, 2005. *See* Exhibit 1. As grounds

for this motion, Genzyme states as follows:

1.      On or about March 30, 2005, Plaintiff Genzyme filed a Complaint against

Defendant SynPep Corporation ("SynPep") which asserted claims against SynPep for

breach of contract, breach of the implied covenant of good faith and fair dealing, and

unfair and deceptive business practices pursuant to M.G.L.c. 93A, §§ 2 and 11. The

Complaint sought to recover damages of $105,345.75.

2.      Thereafter, Genzyme's counsel, Alexander Furey of Furey & Associates

LLC, worked closely with SynPep's counsel, Jason Morgan of Drohan, Hughes, Tocchio

& Morgan, P.C. to quickly resolve this dispute. On or about June 28, 2005, the parties

reached a settlement and, thereafter, entered into a Structured Settlement Agreement

which required Synpep to purchase $98,000 worth of certain amino acid derivatives

("Product") from Genzyme, over a period of six months, pursuant to the following

quantities and prices:

| AMOUNT | PRODUCT | PRICE |
|--------|---------|-------|
| 20 kilos | Fmoc L-Trp(Boc)-OH | $3,000 per kilo |
| 10 kilos | Fmoc L-Cys(Trt)-OH | $2,100 per kilo |
| 10 kilos | Fmoc L-His(Trt)-OH | $1,700 per kilo |

*See* Structured Settlement Agreement, attached as Exhibit 2.

3.      To ensure that SynPep honored the payment schedule contained in the

Structured Settlement Agreement, the parties also executed the Consent Judgment at

issue.  *See* Exhibit 1.  The Consent Judgment states that if SynPep fails to timely

complete the required minimum monthly purchases of Product from Genzyme during any

given month, SynPep will be considered to be in default.  *Id.* at ¶ 4.  It also states that in

the event SynPep fails to cure the default within fourteen (14) calendar days of service of

a Notice of Default on SynPep, and its counsel of record, SynPep is obligated to

immediately pay Genzyme the <u>entire</u> amount demanded in the Complaint plus interest

($105, 345.75 plus interest at the annual rate of twelve percent (12%) compounded

monthly from March 20, 2005).  *Id.* at ¶ 5.

4.      After the parties signed the Structured Settlement Agreement and Consent

Judgment, SynPep was repeatedly late in making its monthly payments to Genzyme and,

therefore, Attorney Furey was forced to send SynPep Notices of Default in September,

October, and November 2005.  *See* Affidavit of Alexander Furey, ¶ 7, attached as Exhibit

3.  Only after receiving the Notices of Default did SynPep complete the required

payments to Genzyme.  *Id.*

5.    To date, SynPep has purchased $83,000 worth of Product from Genzyme. Pursuant to the terms of the Structured Settlement Agreement, SynPep is required to make one (1) additional payment to Genzyme for $15,000 worth of Product in the form of 5 kilograms of Fmoc-L-Trp (Boc)-OH part # FC-01-052-21 at $3,000 per kilogram.

6.    SynPep was required to make its final purchase of Product by December 15, 2005. However, once again, SynPep failed to timely make such payment. Therefore, on December 27, 2005, Genzyme served upon SynPep and its counsel of record, via facsimile and U.S. Mail, another Notice of Default which states that SynPep had until January 10, 2006 to cure its default and make the final payment. *Id.* at ¶ 8.

7.    Thereafter, Genzyme's counsel, Attorney Furey repeatedly contacted Attorney Morgan, via phone and e-mail, to remind him of SynPep's obligations under the Structured Settlement Agreement. *Id.* at ¶ 9. Eventually, on January 12, 2006, Attorney Morgan responded to Genzyme's repeated requests and represented that SynPep would make its final payment to Genzyme on January 17, 2006. *Id.* However, contrary to Attorney Morgan's representations, no such payment was ever received. *Id.* Thereafter, Attorney Furey repeatedly contacted Attorney Morgan to determine the status of SynPep's final payment and inform him that Genzyme intended to enforce the parties' Consent Judgment. *Id.* at ¶ 14.

8.      To date, SynPep has still not made its final payment under the Structured Settlement Agreement and has ignored Genzyme's repeated demand for payment.  As a result, Genzyme has no choice but to enforce the Consent Judgment signed by the parties on or about June 24, 2005 which requires SynPep to immediately pay Genzyme the entire amount demanded in the Complaint plus interest ($105,345.75 plus interest).  *See* Exhibit 1, ¶ 5.

WHEREFORE, Plaintiff Genzyme Corporation respectfully requests that the Court enforce the Agreement for Consent Judgment and Periodic Payment Schedule signed by the parties on or about June 24, 2005 and order SynPep Corporation to immediately pay Genzyme the sum of $105,345.75 plus interest.

Respectfully submitted by the Plaintiff,

**GENZYME CORPORATION**

By its attorney,

/s/ Alexander Furey

_____

Alexander Furey, BBO# 634157
Furey & Associates LLC
28 State Street
Suite 1100
Boston, Massachusetts 02109
Phone (617) 573-5114

Dated: January 20, 2006

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENZYME CORPORATION<br><br>      Plaintiff,<br><br>  v.<br><br>SYNPEP CORPORATION<br><br>      Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No. 05-10626 PBS<br>)<br>)<br>)<br>)<br>)<br>) |

## AGREEMENT FOR CONSENT JUDGMENT
## AND PERIODIC PAYMENT SCHEDULE

  **AND NOW COME** Plaintiff Genzyme Corporation ("Genzyme") and Defendant SynPep Corporation ("SynPep") and hereby agree as follows:

  1.  This Agreement for Consent Judgment and Periodic Payment Schedule ("Agreement for Consent Judgment") is conditional upon the breach by SynPep of the periodic payment schedule set forth herein.

  2.  Escrow.  This Agreement for Consent Judgment will be held in escrow by Genzyme, subject to the conditions contained herein.  As a precondition to filing this Agreement for Consent Judgment, Genzyme must attest to the Court that SynPep has failed to make payment under the periodic payment schedule set forth herein and that SynPep has failed to cure, pursuant to Section 5 of the Structured Settlement Agreement, any such breach within fourteen (14) calendar days of receiving written notice of its failure to make such payment.

3.    Periodic Payment Schedule. Over the next six consecutive months (from June 30, 2005 to November 15, 2005), SynPep must purchase **$98,000** worth of amino acid derivatives ("Product") from Genzyme in the quantities and at the prices listed below:

| AMOUNT | PRODUCT | PRICE |
|---|---|---|
| 20 kilos | Fmoc L-Trp(Boc)-OH | $3,000 per kilo |
| 10 kilos | Fmoc L-Cys(Trt)-OH | $2,100 per kilo |
| 10 kilos | Fmoc L-His(Trt)-OH | $1,700 per kilo |

SynPep's purchase of such Product from Genzyme will be in the form of six consecutive minimum monthly installment payments of $16,333.33, starting June 30, 2005 and ending November 15, 2005. After SynPep's initial purchase of Product on June 30, 2005, payment for such Product will be due to Genzyme on or before the 15th day of each month. Payment for Product will be made by certified or company check. If payment is made by company check, then Genzyme may wait on shipment of Product until the funds have cleared and are accessible to Genzyme. Payment will be sent via U.S. Mail or other recognized mail delivery service to:

David M. DeLoria
Director of Marketing and Special Projects
Genzyme Pharmaceuticals
500 Kendall Street
Cambridge, Massachusetts

4.    Notice and Cure. If SynPep breaches the Agreement and fails to timely (by the 15th day of the month after the initial payment on June 30th) purchase a minimum of $16,333.33 worth of Product from Genzyme during any given month, it will be considered in default of the parties' Agreement. After service (via facsimile and U.S. Mail) of written notice of default on both SynPep and its counsel of record, SynPep will have fourteen (14) calendar days to cure the default by completing its required monthly

2

purchase.  Service of written notice will be considered complete upon deposit of such notice in the U.S. Mail.

5.    <u>Default</u>.  In the event SynPep fails to cure any default within fourteen (14) calendar days of service of the notice of default on SynPep and its counsel of record, SynPep will be obligated to immediately pay Genzyme the entire amount demanded in the Complaint plus interest ($105,345.75 plus interest at the annual rate of twelve percent (12%) compounded monthly from March 20, 2005).

6.    <u>Confidentiality</u>.  Genzyme and SynPep agree that the existence, terms, and conditions of this Agreement for Consent Judgment are to be kept confidential, in escrow, unless and until such time that Genzyme is permitted to file this Agreement for Consent Judgment in accordance with the terms herein.

7.    <u>Litigation</u>.  Provided that SynPep is not in material breach of the periodic payment schedule set forth herein, subject to cure in accordance with Section 5 of the Structured Settlement Agreement, this Agreement for Consent Judgment will be held in escrow and will not be filed with the Court.  In the interim, while this Agreement for Judgment is in effect, Genzyme agrees not to default SynPep. If necessary, Genzyme

agrees to represent to the Court that the parties are working towards settlement, such that the Court will not impose judgment against SynPep.

**GENZYME CORPORATION**
By its attorney,

_____
Alexander Furey, BBO# 634157
Furey & Associates LLC
28 State Street, Suite 1100
Boston, Massachusetts 02109
Phone (617) 573-5114

Dated: June 24, 2005

**SYNPEP CORPORATION**
By its attorney,

_____
Jason W. Morgan, BBO# 633802
Drohan, Hughes, Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043
Phone (781) 749-7200

**SO ORDERED:**

_____
United States District Court Judge

4

agrees to represent to the Court that the parties are working towards settlement, such that

the Court will not impose judgment against SynPep.


**GENZYME CORPORATION**          **SYNPEP CORPORATION**
By its attorney,                                    By its attorney,


_____          _____
Alexander Furey, BBO# 634157         Jason W. Morgan, BBO# 633802
Furey & Associates LLC                    Drohan, Hughes, Tocchio & Morgan, P.C.
28 State Street, Suite 1100              175 Derby Street, Suite 30
Boston, Massachusetts 02109         Hingham, MA 02043
Phone (617) 573-5114                     Phone (781) 749-7200

Dated: June 24, 2005


**SO ORDERED:**


_____
United States District Court Judge

## STRUCTURED SETTLEMENT AGREEMENT

This Structured Settlement Agreement ("Agreement") is hereby entered into by and between plaintiff **GENZYME CORPORATION** ("Genzyme") and defendant **SYNPEP CORPORATION** ("SynPep"):

WHEREAS, on or about July 2, 2002, Genzyme and SynPep entered into a Sales Agreement ("Agreement") whereby SynPep agreed to purchase a minimum amount of certain amino acid derivatives ("Product") from Genzyme.

WHEREAS, on or about March 30, 2005, Genzyme filed a Complaint in the United States District Court for the District of Massachusetts entitled *Genzyme Corporation v. SynPep Corporation, Civil Action No. 05-10626 PBS*, which asserted claims against SynPep for Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, and Unfair and Deceptive Business Practices pursuant to M.G.L. c. 93A, §§ 2 and 11 (the "Litigation").

WHEREAS, in the Complaint Genzyme seeks damages of $105,345.75.

WHEREAS, to settle the claims at issue, the parties have agreed to a structured settlement wherein Synpep will purchase from Genzyme **$98,000** worth of Product and will reimburse Genzyme **$6,000** for legal fees pursuant to the terms and conditions of this Agreement.

WHEREAS, upon completion of all of the duties and obligations set forth below, this Agreement will act as full and final compromise and settlement of any and all claims, counterclaims, and causes of action of every kind and nature whatsoever, whether known or unknown, from the beginning of the world through the completion of this Agreement, that were or reasonably could have been raised in the Litigation or that otherwise relate to Genzyme's dealings and/or contracts with SynPep.

NOW, THEREFORE, in consideration of the mutual promises, covenants, and agreements contained herein, and for other good and valuable consideration, receipt of which is hereby acknowledged, the parties agree as follows:

1. **AGREEMENT FOR CONSENT JUDGMENT AND PERIODIC PAYMENT SCHEDULE.** Genzyme and SynPep agree to execute an Agreement for Consent Judgment and Periodic Payment Schedule ("Agreement for Consent Judgment"), attached hereto as Schedule A. The parties agree that the filing of the Agreement for Consent Judgment is conditional upon the material breach by SynPep of the periodic payment schedule set forth herein, and that Genzyme will hold the original executed Agreement for Consent Judgment in escrow, subject to a material breach of the terms of this Agreement, without cure in accordance with Section 5 of this Agreement. As a precondition to filing the Agreement for Consent Judgment, Genzyme must attest to the Court as follows:

Genzyme Corporation v. SynPep Corporation
Structured Settlement Agreement
June 24, 2005

*SynPep Corporation ("SynPep") has failed to make payment under the periodic payment schedule set forth in the Agreement for Consent Judgment and Periodic Payment Schedule executed by SynPep and Genzyme Corporation ("Genzyme"), and SynPep has failed to cure any such breach within fourteen (14) calendar days of receiving written notice by Genzyme of its failure to make such payment.*

2.    **MUTUAL GENERAL RELEASE AND DISCHARGE**. Upon completion of all of the duties and obligations set forth herein, Genzyme and its officers, employees, executors, administrators, assigns, successors in interest, heirs and/or beneficiaries do hereby release, remise and forever discharge SynPep and its officers, employees, and any other partnerships, firms or corporations with whom SynPep has been, is now, or may hereafter be affiliated jointly and severally, of and from any and all past and present claims, demands and damages of every name and nature, both in law and equity, that Genzyme has or ever had from the beginning of the world to this date against SynPep, for which claims or counterclaims were brought or could have been brought in the Litigation.

Likewise, upon completion of all of the duties and obligations set forth herein, SynPep, and its officers, employees, executors, administrators, assigns, successors in interest, heirs and/or beneficiaries do hereby release, remise and forever discharge Genzyme and its officers, employees, and any and all other, partnerships, firms or corporations with whom Genzyme has been, is now, or may hereafter be affiliated jointly and severally, of and from any and all past and present claims, demands and damages of every name and nature, both in law and equity, that Synpep has or ever had from the beginning of the world to this date against Genzyme, for which claims or counterclaims were brought or could have been brought in the Litigation.

3.    **SYNPEP'S PURCHASE OF PRODUCT**. In connection with and as a condition for this Agreement, SynPep will purchase from Genzyme **$98,000** worth of Product pursuant to the following quantities and prices:

| AMOUNT | PRODUCT | PRICE |
|---|---|---|
| 20 kilos | Fmoc L-Trp(Boc)-OH | $3,000 per kilo |
| 10 kilos | Fmoc L-Cys(Trt)-OH | $2,100 per kilo |
| 10 kilos | Fmoc L-His(Trt)-OH | $1,700 per kilo |

4.    **PERIODIC PAYMENT SCHEDULE**. SynPep agrees to purchase such Product from Genzyme via six consecutive monthly installments of a minimum of $16,333.33, starting June 30, 2005 and ending November 15, 2005. After SynPep's initial purchase of Product on June 30, 2005, payment for such Product will be due to Genzyme on or before the 15th day of each month. Payment will be in the form of a certified or company check made payable to "Genzyme Corporation". If payment is made by company check, then Genzyme may wait on shipment of Product until the funds have cleared and are accessible to Genzyme. Payment will be sent via U.S. Mail or other recognized mail delivery service to:

2

Genzyme Corporation v. SynPep Corporation
Structured Settlement Agreement
June 24, 2005

David M. DeLoria
Director of Marketing and Special Projects
Genzyme Pharmaceuticals
500 Kendall Street
Cambridge, Massachusetts

Each month, SynPep will provide Genzyme with a Purchase Order specifically identifying the type and amount of Product to be purchased. Genzyme will not ship any Product to SynPep until it receives a monthly Purchase Order and the required monthly payment.

5.    **DEFAULT and NOTICE/CURE.**   If SynPep breaches the Agreement and fails to timely (by the 15th day of the month after the initial payment on June 30th) purchase a minimum of $16,333.33 worth of Product from Genzyme during any given month, it will be considered in default of this Agreement. After service (via facsimile and U.S. Mail) of written notice of default on both SynPep and its counsel of record, SynPep will have **14 calendar days** to cure the default by completing its required monthly purchase of Product. Service of written notice will be considered complete upon deposit of such notice in the U.S. Mail. In the event SynPep fails to cure the default within **14 calendar days** of service of the notice of default on SynPep and its counsel of record, SynPep will be obligated to immediately pay Genzyme the entire amount demanded in the Complaint plus interest ($105,345.75 plus interest at the annual rate of twelve percent (12%) compounded monthly from March 20, 2005).

Any notices hereunder shall be sent to:

| As to Genzyme | As to SynPep |
|---|---|
| Jennifer M. Goddard, Esq. | Gary Gottschling |
| Counsel, Employment and Litigation | Corporate Controller |
| Genzyme Corporation | SynPep Corporation |
| 500 Kendall Street | P.O. Box 2999 |
| Cambridge, Massachusetts | Dublin, CA 94568 |
| | |
| with a copy to: | with a copy to: |
| | |
| Alexander Furey, Esq. | Jason W. Morgan, Esq. |
| Furey & Associates LLC | Drohan, Hughes, Tocchio & Morgan, P.C. |
| 28 State Street, Suite 1100 | 175 Derby Street, Suite 30 |
| Boston, MA 02109 | Hingham, MA 02043 |

Genzyme Corporation v. SynPep Corporation
Structured Settlement Agreement
June 24, 2005

If SynPep fails to timely cure its default under the Agreement, 21 calendar days after service of the Notice of Default, Genzyme has the right to file the Agreement for Consent Judgment, as provided for herein.

6.      **THE LITIGATION.**  Provided that SynPep is not in material breach of the periodic payment schedule set forth herein, subject to cure as set forth herein, the Agreement for Consent Judgment will be held in escrow by Genzyme and will not be filed with the Court.  In the interim, Genzyme agrees not to default SynPep.  If necessary, Genzyme agrees to represent to the Court that the parties are working towards a final settlement, such that the Court will not impose judgment against SynPep.

7.      **ENTRY OF STIPULATION OF DISMISSAL.**  Upon SynPep's completion of all of its duties and obligations set forth herein (i.e. purchase of $98,000 worth of Product from Genzyme and payment of $6,000 for legal fees), in accordance with Fed. R. Civ. P. 41, Genzyme will dismiss with prejudice (by December 15, 2005) the Litigation.

8.      **RESOLUTION OF DISPUTED CLAIMS AND COUNTERCLAIMS.**  All parties hereto acknowledge and agree that compliance with or performance of the terms of this Agreement is not intended to be, and shall not be construed or represented to be, an admission of liability on the part of any of them in any manner or amount, but is mutually understood as an amicable resolution of genuinely disputed claims and counterclaims, liability for which is categorically denied by each party against whom such claim has been asserted, and is undertaken solely in order to avoid further uncertainty, controversy, notoriety, and expense of litigation.

9.      **ENTIRE AGREEMENT AND SUCCESSORS IN INTEREST.**  This Agreement contains the entire agreement between the parties with regard to the matters set forth herein, and shall be binding upon and inure to the benefit of the executors, administrators, representative, successors and assigns of each party.  This Agreement may be executed in separate counterparts, which shall collectively constitute a fully executed agreement.

10.     **GOVERNING LAW.**  This Structured Settlement Agreement shall be construed and interpreted in accordance with the laws of the Commonwealth of Massachusetts, without giving effect to its conflict of law rules.

Genzyme Corporation v. SynPep Corporation.
Structured Settlement Agreement
June 24, 2005

11.    **ATTORNEYS FEES**. In connection with and as a condition of this Structured Settlement Agreement, SynPep will pay Genzyme a lump sum of **$6,000** for legal fees. Payment for such legal fees will be due to Genzyme on or before June 30, 2005. Payment for such legal fees will be in the form of a separate check made payable to "Genzyme Corporation" and will be sent via U.S. Mail or other recognized mail delivery service to:

> Jennifer M. Goddard, Esq.
> Counsel, Employment and Litigation
> Genzyme Corporation
> 500 Kendall Street
> Cambridge, Massachusetts

12.    **AGREEMENT IS COMPLETE UNDERSTANDING**. This Agreement constitutes the complete understanding between the parties, and no other promises or agreements shall be binding upon the parties unless in writing and signed by the parties and their counsel of record.

13.    **TERMS CONFIDENTIAL**. The existence, terms, and conditions of this Agreement are, and shall be deemed to be, confidential and shall not hereafter be disclosed by the parties to any other person or entity, except as may be required by law.

14.    **EXECUTION OF AGREEMENT**. This Agreement may be executed in as many counterparts as may be convenient or required. All counterparts shall collectively constitute a single instrument, and signature pages may be exchanged by facsimile provided that they are sent also by first class mail.

Dated:

**David M. DeLoria**
**Director of Marketing and Special Projects**
**Genzyme Pharmaceuticals**
**500 Kendall Street**
**Cambridge, Massachusetts**

Dated:

**Gary Gottschling**
**Corporate Controller**
**SynPep Corporation**
**P.O. Box 2999**
**Dublin, CA 94568**

5

06/28/05   10:20 FAX 9177000000

Genzyme Corporation v. SynPep Corporation
Structured Settlement Agreement
June 24, 2005

11.   **ATTORNEYS FEES**.  In connection with and as a condition of this Structured Settlement Agreement, SynPep will pay Genzyme a lump sum of **$6,000** for legal fees.  Payment for such legal fees will be due to Genzyme on or before June 30, 2005.  Payment for such legal fees will be in the form of a separate check made payable to "Genzyme Corporation" and will be sent via U.S. Mail or other recognized mail delivery service to:

> Jennifer M. Goddard, Esq.
> Counsel, Employment and Litigation
> Genzyme Corporation
> 500 Kendall Street
> Cambridge, Massachusetts

12.   **AGREEMENT IS COMPLETE UNDERSTANDING**.  This Agreement constitutes the complete understanding between the parties, and no other promises or agreements shall be binding upon the parties unless in writing and signed by the parties and their counsel of record.

13.   **TERMS CONFIDENTIAL**.  The existence, terms, and conditions of this Agreement are, and shall be deemed to be, confidential and shall not hereafter be disclosed by the parties to any other person or entity, except as may be required by law.

14.   **EXECUTION OF AGREEMENT**:  This Agreement may be executed in as many counterparts as may be convenient or required.  All counterparts shall collectively constitute a single instrument, and signature pages may be exchanged by facsimile provided that they are sent also by first class mail.

Dated:  6/28/05

David M. DeLoria
**Director of Marketing and Special Projects**
**Genzyme Pharmaceuticals**
**500 Kendall Street**
**Cambridge, Massachusetts**

Dated:

**Gary Gottsehling**
**Corporate Controller**
**SynPep Corporation**
**P.O. Box 2999**
**Dublin, CA 94568**

5

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____
                                        )
                                        )
GENZYME CORPORATION                     )
                                        )
                    Plaintiff,          )        Civil Action No. 05-10626 PBS
                                        )
        v.                              )
                                        )
SYNPEP CORPORATION                      )
                                        )
                    Defendant.          )
_____)

## <u>AFFIDAVIT OF ALEXANDER FUREY, ESQ.</u>

I, Alexander Furey, Esq., hereby state as follows:

1.      I am an attorney licensed to practice in the Commonwealth of

Massachusetts.

2.      I am the Managing Director of Furey & Associates LLC, a boutique law

firm located at 28 State Street, Suite 1100, Boston, MA 02109.

3.      I represent the Plaintiff Genzyme Corporation ("Genzyme") in the above-

referenced dispute.

4.      On or about March 30, 2005, Plaintiff Genzyme filed a Complaint against

Defendant SynPep Corporation ("SynPep") which asserted claims against SynPep for

breach of contract, breach of the implied covenant of good faith and fair dealing, and

unfair and deceptive business practices pursuant to M.G.L.c. 93A, §§ 2 and 11.  The

Complaint sought damages of $105,345.75.

5.      Thereafter, I worked with SynPep's counsel, Jason Morgan of Drohan,

Hughes, Tocchio & Morgan, P.C. to quickly resolve this dispute.  On or about June 28,

2005, the parties reached a settlement and, thereafter, entered into a Structured Settlement Agreement which required Synpep to purchase $98,000 worth of certain amino acid derivatives ("Product") from Genzyme, over a period of six months, pursuant to the following quantities and prices:

| AMOUNT | PRODUCT | PRICE |
|--------|---------|-------|
| 20 kilos | Fmoc L-Trp(Boc)-OH | $3,000 per kilo |
| 10 kilos | Fmoc L-Cys(Trt)-OH | $2,100 per kilo |
| 10 kilos | Fmoc L-His(Trt)-OH | $1,700 per kilo |

6.    To ensure that SynPep honored the payment schedule contained in the Structured Settlement Agreement, the parties executed an Agreement for Consent Judgment and Periodic Payment Schedule ("Consent Judgment").  The Consent Judgment states that if SynPep breaches the Structured Settlement Agreement and fails to timely complete the required monthly purchases from Genzyme, SynPep will be considered in default.  The Consent Judgment provides that in the event SynPep fails to cure the default within fourteen (14) calendar days of service of a Notice of Default on SynPep, and its counsel of record, SynPep is obligated to immediately pay Genzyme the entire amount demanded in the Complaint plus interest ($105, 345.75 plus interest at the annual rate of twelve percent (12%) compounded monthly from March 20, 2005).

7.    After the parties signed the Structured Settlement Agreement and Consent Judgment, SynPep was repeatedly late in making its monthly payment to Genzyme and, therefore, I was forced to send SynPep Notices of Default in September, October, and November 2005.  *See* Notices of Default collectively attached as Exhibit 1.  Only after receiving the Notices of Default did SynPep make the necessary purchases and remit payment.

8.      SynPep was required to make its final purchase of Product from Genzyme by December 15, 2005.  Specifically, SynPep was required to purchase $15,000 worth of Product from Genzyme in the form of 5 kilograms of Fmoc-L-Trp (Boc)-OH part # FC-01-052-21 at $3,000 per kilogram.  However, once again, SynPep failed to timely remit payment.  Therefore, on December 27, 2005, I again served SynPep and its counsel of record, via facsimile and U.S. Mail, with a Notice of Default which states that SynPep had until January 10, 2006 to cure its default and make the final payment.  *See* Exhibit 2.

9.      Thereafter, I repeatedly contacted Jason Morgan to remind him of SynPep's obligations under the Structured Settlement Agreement and need to timely cure its default by making the final payment.  On December 22, 2005, I sent Attorney Morgan an e-mail to remind him that "SynPep still owes Genzyme $15,000 and is required to purchase 5 kilograms of Fmoc-L-Trp(Boc)-OH part #FC-01-052-21 at $3,000 per kilogram."  Exhibit 3.

10.     I did not hear back from Attorney Morgan.  Therefore, on January 11, 2006, I sent Jason Morgan an e-mail which states that "Jason, I just left you a voicemail. On December 27, 2005, I sent you and G. Gottschling a Notice of Default regarding SynPep's failure to make its final purchase under the Settlement Agreement...As of today, Genzyme has not received the P.O. and required payment."  Exhibit 4.

11.     On January 12, 2006, Jason Morgan replied to me with an e-mail which stated that "SynPep would like to send a wire for the balance on Tuesday."  Exhibit 5.  In response, I informed him that Genzyme did not want to wait an additional five (5) days to get paid and, therefore, I demanded payment the next day.  My responding e-mail informed him that Genzyme "insist(s) that the payment be made by the close of business

tomorrow." Exhibit 6. I later spoke with Attorney Morgan who assured me that payment would be made on Tuesday, January 17, 2006.

12.     After speaking with my client, on January 13, 2005, I sent an e-mail to Jason Morgan informing him that "[i]f Genzyme does not receive payment by Tuesday, I've been instructed to file a Motion to Enforce the Consent Judgment." *See* Exhibit 7.

13.     On Tuesday, January 17, 2006, I sent Jason Morgan an e-mail which states "please send me a confirming e-mail after SynPep makes its final purchase...payment must be received by Genzyme by the end of the day today." *See* Exhibit 8. Despite the representations made by Attorney Morgan, SynPep never made any such payment to Genzyme.

14.     On January 18, 2006, I sent Attorney Morgan an e-mail which states that "Genzyme has authorized me to file the Motion for Consent Judgment with the Court." *See* Exhibit 9.

15.     To date, SynPep has still not made its final $15,000 payment to Genzyme as required by the terms of the parties' Structured Settlement Agreement and Consent Judgment.

16.     As required by Paragraph 1 of the Structured Settlement Agreement, I hereby attest as follows: *SynPep has failed to make payment under the periodic payment schedule set forth in the Agreement for Consent Judgment and Periodic Payment Schedule executed by SynPep and Genzyme, and SynPep has failed to cure any such breach within fourteen (14) calendar days of receiving written notice by Genzyme of its failure to make such payment.*

Signed under the pains and penalties of perjury on this day, January 20, 2006.


/s/ Alexander Furey
_____
Alexander Furey, Esq.
BBO# 634157

EXHIBIT NO. 1

# FUREY & ASSOCIATES LLC

**28 State Street, Suite 1100**
**Boston, Massachusetts 02109**

Alexander Furey, Esq.

Managing Director

*Phone: 617-573-5114*
*Facsimile: 617-573-5115*
*E-mail: Alex@afureylaw.com*
*Website: Afureylaw.com*

September 30, 2005

**VIA FACSIMILE AND U.S. MAIL (deposited on date above)**

Jason W. Morgan
Drohan, Hughes, Tocchio & Morgan, P.C.          **NOTICE OF DEFAULT**
175 Derby Street, Suite 30
Hingham, MA 02043

Re:    *Genzyme Corporation v. SynPep Corporation*
       *U.S. District Court for the District of MA, C.A. No. 05-10626 PBS*

Dear Jason:

I am writing to provide you with notice that SynPep Corporation ("SynPep") has defaulted on its monthly obligation to purchase from Genzyme Corporation ("Genzyme") a minimum amount of amino acid derivatives ("Product") as required by the Structured Settlement Agreement ("Agreement") signed by the parties on or about June 28, 2005. Specifically, SynPep has failed to make its required purchase (i.e. $16,333.33 of Product) for the month of September 2005.

Pursuant to Paragraph 5 of the Agreement, SynPep will have **14 days** after service of this notice, that is, until October 14, 2005, to cure its default by completing the required monthly purchase. If SynPep fails to timely cure its default, it will be obligated to pay Genzyme the entire amount demanded in the Complaint filed in the above referenced action, as well as interest on such amount.

If you have any questions, please feel free to contact me.

Very truly yours,

Alexander Furey

cc:    Gary Gottschling (via Fax and U.S. Mail)
       Jennifer Goddard (via Fax and U.S. Mail)

# FUREY & ASSOCIATES LLC

### 28 State Street, Suite 1100
### Boston, Massachusetts 02109

Alexander Furey, Esq.

Managing Director

*Phone: 617-573-5114*
*Facsimile: 617-573-5115*
*E-mail: Alex@afureylaw.com*
*Website: Afureylaw.com*

November 16, 2005

**VIA FACSIMILE AND U.S. MAIL (deposited on date above)**

Jason W. Morgan
Drohan, Hughes, Tocchio & Morgan, P.C.          **NOTICE OF DEFAULT**
175 Derby Street, Suite 30
Hingham, MA 02043

Re:     *Genzyme Corporation v. SynPep Corporation*
        *U.S. District Court for the District of MA, C.A. No. 05-10626 PBS*

Dear Jason:

I am writing to provide you with notice that SynPep Corporation ("SynPep") has again defaulted on its monthly obligation to purchase from Genzyme Corporation ("Genzyme") a minimum amount of amino acid derivatives ("Product") as required by the Structured Settlement Agreement ("Agreement") signed by the parties on or about June 28, 2005. Specifically, SynPep has failed to make its required purchase (i.e. $16,333.33 of Product) for the month of November 2005.

Pursuant to Paragraph 5 of the Agreement, SynPep will have **14 days** after service of this notice, that is, until November 30, 2005, to cure its default by completing the required monthly purchase. If SynPep fails to timely cure its default, it will be obligated to pay Genzyme the entire amount demanded in the Complaint filed in the above referenced action, as well as interest on such amount.

If you have any questions, please feel free to contact me.

Very truly yours,

Alexander Furey

cc:     Gary Gottschling (via Fax and U.S. Mail)
        Jennifer Goddard (via Fax and U.S. Mail)

# FUREY & ASSOCIATES LLC

**28 State Street, Suite 1100**
**Boston, Massachusetts 02109**

Alexander Furey, Esq.

Managing Director

*Phone: 617-573-5114*
*Facsimile: 617-573-5115*
*E-mail: Alex@afureylaw.com*
*Website: Afureylaw.com*

October 17, 2005

**VIA FACSIMILE AND U.S. MAIL (deposited on date above)**

Jason W. Morgan
Drohan, Hughes, Tocchio & Morgan, P.C.          **NOTICE OF DEFAULT**
175 Derby Street, Suite 30
Hingham, MA 02043

Re:     *Genzyme Corporation v. SynPep Corporation*
        *U.S. District Court for the District of MA, C.A. No. 05-10626 PBS*

Dear Jason:

I am writing to provide you with notice that SynPep Corporation ("SynPep") has once again defaulted on its monthly obligation to purchase from Genzyme Corporation ("Genzyme") a minimum amount of amino acid derivatives ("Product") as required by the Structured Settlement Agreement ("Agreement") signed by the parties on or about June 28, 2005.  Specifically, SynPep has failed to make its required purchase (i.e. $16,333.33 of Product) for the month of October 2005.

Pursuant to Paragraph 5 of the Agreement, SynPep will have **14 days** after service of this notice, that is, until October 31, 2005, to cure its default by completing the required monthly purchase.  If SynPep fails to timely cure its default, it will be obligated to pay Genzyme the entire amount demanded in the Complaint filed in the above referenced action, as well as interest on such amount.

If you have any questions, please feel free to contact me.

Very truly yours,

Alexander Furey

cc:     Gary Gottschling (via Fax and U.S. Mail)
        Jennifer Goddard (via Fax and U.S. Mail)

EXHIBIT NO. 2

# *FUREY & ASSOCIATES LLC*

**28 State Street, Suite 1100**
**Boston, Massachusetts 02109**

Alexander Furey, Esq.

Managing Director

*Phone: 617-573-5114*
*Facsimile: 617-573-5115*
*E-mail: Alex@afureylaw.com*
*Website: Afureylaw.com*

December 27, 2005

**VIA FACSIMILE AND U.S. MAIL (deposited on date above)**

Jason W. Morgan
Drohan, Hughes, Tocchio & Morgan, P.C.          **NOTICE OF DEFAULT**
175 Derby Street, Suite 30
Hingham, MA 02043

Re:   *Genzyme Corporation v. SynPep Corporation*
      *U.S. District Court for the District of MA, C.A. No. 05-10626 PBS*

Dear Jason:

I am writing to provide you with notice that SynPep Corporation ("SynPep") has again defaulted on its obligation to purchase from Genzyme Corporation ("Genzyme") a minimum amount of amino acid derivatives ("Product") as required by the Structured Settlement Agreement ("Agreement") signed by the parties on or about June 28, 2005. Specifically, SynPep has failed to purchase, by December 15, 2005, $15,000 worth of Product from Genzyme (i.e. 5 kilograms of Fmoc-L-Trp (Boc)-OH part # FC-01-052-21 at $3,000 per kilogram).

Pursuant to Paragraph 5 of the Agreement, SynPep will have **14 days** after service of this notice, that is, until January 10, 2006, to cure its default by completing the required purchase. If SynPep fails to timely cure its default, it will be obligated to pay Genzyme the entire amount demanded in the Complaint filed in the above referenced action, as well as interest on such amount.

If you have any questions, please feel free to contact me.

Very truly yours,

Alexander Furey

cc:   Gary Gottschling (via Fax and U.S. Mail)
      Jennifer Goddard (via Fax and U.S. Mail)

EXHIBIT NO. 3

## Alexander Furey

| | |
|---|---|
| **From:** | Alexander Furey [Alex@afureylaw.com] |
| **Sent:** | Thursday, December 22, 2005 10:00 AM |
| **To:** | 'Jason Morgan' |
| **Cc:** | 'Gary Gottschling' |
| **Subject:** | Genzyme v. SynPep |
| **Importance:** | High |

Jason:

I just got off the phone with Dave DeLoria at Genzyme. Pursuant to the terms of the Structured Settlement Agreement signed by the parties on June 28, 2005, SynPep still owes Genzyme **$15,000** and is required to purchase 5 kilograms of Fmoc-L-Trp(Boc)-OH part # FC-01-052-21 at $ 3,000 per kilogram. Please have SynPep send a purchase order and check to Genzyme as soon as possible.

If you have any questions, please give me a call.

Alex

Alexander Furey, Esq.
Furey & Associates LLC
28 State Street
Suite 1100
Boston, Massachusetts 02109
Phone: 617-573-5114
Facsimile: 617-573-5115
E-mail: Alex@Afureylaw.com
Website: www. Afureylaw.com

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify Furey & Associates LLC immediately at either Alex@afureylaw.com or (617) 573-5114, and destroy all copies of this message and any attachments.

1/20/2006

EXHIBIT NO. 4

**From:** Alexander Furey [mailto:Alex@afureylaw.com]
**Sent:** Wednesday, January 11, 2006 9:52 AM
**To:** Jason Morgan
**Cc:** 'Gary Gottschling'
**Subject:** Genzyme v. SynPep
**Importance:** High

Jason, I just left you a voicemail.  On December 27, 2005, I sent you and G. Gottschling a Noti
of Default regarding SynPep's failure to make its final purchase under the Settlement
Agreement.  Pursuant to the Notice of Default, SynPep was required to make the purchase by
January 10, 2006.  As of today, Genzyme has not received the P.O. and required payment.
Please let me know the status of the payment as soon as possible.

If I do not hear from you today, I will be forced to file the Consent Judgment with the Court.

Thank you.

Alex

Alexander Furey, Esq.
Furey & Associates LLC
28 State Street
Suite 1100
Boston, Massachusetts 02109
Phone: 617-573-5114
Facsimile: 617-573-5115
E-mail: Alex@Afureylaw.com
Website: www. Afureylaw.com

STATEMENT OF CONFIDENTIALI
The information contained in this electro
message and any attachments to this
message are intended for the exclusive us
of the addressee(s) and may contain
confidential or privileged information. If
you are not the intended recipient, please
notify Furey & Associates LLC immedia
at either Alex@afureylaw.com or (617) 5
5114, and destroy all copies of this mess
and any attachments.

EXHIBIT NO. 5

## Alexander Furey

**From:**    Jason Morgan [jmorgan@dhtmlaw.com]
**Sent:**    Thursday, January 12, 2006 11:05 AM
**To:**      Alexander Furey
**Cc:**      Gary Gottschling
**Subject:** RE: Genzyme v. SynPep

Alex,

I just left you a voicemail.  Sorry for the delay.  I have been in court, and Gary has been (and I think still is) traveling.  In any event, Synpep would like to send a wire for the balance on Tuesday.  That would cover the remaining balance.

Thanks
Jason

Jason W. Morgan, Esq.
Drohan, Hughes, Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043
Tel:  (781) 749-7200
Fax:  (781) 740-4335
jmorgan@dhtmlaw.com

> -----Original Message-----
> **From:** Alexander Furey [mailto:Alex@afureylaw.com]
> **Sent:** Wednesday, January 11, 2006 9:52 AM
> **To:** Jason Morgan
> **Cc:** 'Gary Gottschling'
> **Subject:** Genzyme v. SynPep
> **Importance:** High
>
> Jason, I just left you a voicemail.  On December 27, 2005, I sent you and G. Gottschling a Notice of Default regarding SynPep's failure to make its final purchase under the Settlement Agreement.  Pursuant to the Notice of Default, SynPep was required to make the purchase by January 10, 2006.  As of today, Genzyme has not received the P.O. and required payment.  Please let me know the status of the payment as soon as possible.
>
> If I do not hear from you today, I will be forced to file the Consent Judgment with the Court.
>
> Thank you.
>
> Alex
>
> Alexander Furey, Esq.
> Furey & Associates LLC
> 28 State Street
> Suite 1100
> Boston, Massachusetts 02109
> Phone: 617-573-5114
> Facsimile: 617-573-5115
> E-mail: Alex@Afureylaw.com
> Website: www. Afureylaw.com

EXHIBIT NO. 6

## Alexander Furey

| | |
|---|---|
| **From:** | Alexander Furey [Alex@afureylaw.com] |
| **Sent:** | Thursday, January 12, 2006 11:48 AM |
| **To:** | 'Jason Morgan' |
| **Cc:** | 'Gary Gottschling' |
| **Subject:** | RE: Genzyme v. SynPep |
| **Importance:** | High |

Jason, thank you for your voicemail and e-mail. I spoke with Genzyme. They are frustrated by SynPep's repeated default of the Settlement Agreement and, therefore, insist that the payment be made by the close of business tomorrow. Please let me know how SynPep would like to proceed.

Alex

Alexander Furey, Esq.
Furey & Associates LLC
28 State Street
Suite 1100
Boston, Massachusetts 02109
Phone: 617-573-5114
Facsimile: 617-573-5115
E-mail: Alex@Afureylaw.com
Website: www. Afureylaw.com

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify Furey & Associates LLC immediately at either Alex@afureylaw.com or (617) 573-5114, and destroy all copies of this message and any attachments.

**From:** Jason Morgan [mailto:jmorgan@dhtmlaw.com]
**Sent:** Thursday, January 12, 2006 11:05 AM
**To:** Alexander Furey
**Cc:** Gary Gottschling
**Subject:** RE: Genzyme v. SynPep

Alex,

I just left you a voicemail. Sorry for the delay. I have been in court, and Gary has been (and I think still is) traveling. In any event, Synpep would like to send a wire for the balance on Tuesday. That would cover the remaining balance.

Thanks
Jason

Jason W. Morgan, Esq.
Drohan, Hughes, Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043
Tel:   (781) 749-7200
Fax:   (781) 740-4335
jmorgan@dhtmlaw.com

1/20/2006

EXHIBIT NO. 7

**Alexander Furey**

| | |
|---|---|
| **From:** | Alexander Furey [Alex@afureylaw.com] |
| **Sent:** | Friday, January 13, 2006 2:02 PM |
| **To:** | 'Jason Morgan' |
| **Cc:** | 'Gary Gottschling' |
| **Subject:** | RE: Genzyme v. SynPep |

Jason, as we discussed yesterday, my client would like to receive payment ASAP. If Genzyme does not receive payment by Tuesday, I've been instructed to file a Motion to Enforce the Consent Judgment.

If you have any questions, please give me a call.

Alex

Alexander Furey, Esq.
Furey & Associates LLC
28 State Street
Suite 1100
Boston, Massachusetts 02109
Phone: 617-573-5114
Facsimile: 617-573-5115
E-mail: Alex@Afureylaw.com
Website: www. Afureylaw.com

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify Furey & Associates LLC immediately at either Alex@afureylaw.com or (617) 573-5114, and destroy all copies of this message and any attachments.

---

**From:** Jason Morgan [mailto:jmorgan@dhtmlaw.com]
**Sent:** Thursday, January 12, 2006 11:05 AM
**To:** Alexander Furey
**Cc:** Gary Gottschling
**Subject:** RE: Genzyme v. SynPep

Alex,

I just left you a voicemail. Sorry for the delay. I have been in court, and Gary has been (and I think still is) traveling. In any event, Synpep would like to send a wire for the balance on Tuesday. That would cover the remaining balance.

Thanks
Jason

Jason W. Morgan, Esq.
Drohan, Hughes, Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043
Tel:   (781) 749-7200
Fax:   (781) 740-4335
jmorgan@dhtmlaw.com

-----Original Message-----

EXHIBIT NO. 8

## Alexander Furey

| | |
|---|---|
| **From:** | Alexander Furey [Alex@afureylaw.com] |
| **Sent:** | Tuesday, January 17, 2006 12:29 PM |
| **To:** | 'Jason Morgan' |
| **Cc:** | 'Gary Gottschling'; 'Goddard, Jennifer' |
| **Subject:** | Genzyme v. SynPep |
| **Importance:** | High |

Jason: please send me a confirming e-mail after SynPep makes its final purchase of $15,000 (5 kilograms of Fmoc-L-Trp (Boc)-OH part # FC-01-052-21 at $3,000 per kilogram) from Genzyme. As we discussed, payment must be received by Genzyme by the end of the day today.

Thank you.

Alexander Furey, Esq.
Furey & Associates LLC
28 State Street
Suite 1100
Boston, Massachusetts 02109
Phone: 617-573-5114
Facsimile: 617-573-5115
E-mail: Alex@Afureylaw.com
Website: www. Afureylaw.com

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify Furey & Associates LLC immediately at either Alex@afureylaw.com or (617) 573-5114, and destroy all copies of this message and any attachments.

EXHIBIT NO. 9

## Alexander Furey

| | |
|---|---|
| **From:** | Alexander Furey [Alex@afureylaw.com] |
| **Sent:** | Wednesday, January 18, 2006 1:32 PM |
| **To:** | 'Jason Morgan' |
| **Cc:** | 'Gary Gottschling' |
| **Subject:** | Genzyme v. SynPep |
| **Importance:** | High |

Jason, I left you a message earlier today. Since I never heard from you regarding the final payment from SynPep to Genzyme, I assume it was never made. Genzyme has authorized me to file the Motion for Consent Judgment with the Court. I will be sure to keep you updated.

Thank you.

Alex

Alexander Furey, Esq.
Furey & Associates LLC
28 State Street
Suite 1100
Boston, Massachusetts 02109
Phone: 617-573-5114
Facsimile: 617-573-5115
E-mail: Alex@Afureylaw.com
Website: www. Afureylaw.com

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify Furey & Associates LLC immediately at either Alex@afureylaw.com or (617) 573-5114, and destroy all copies of this message and any attachments.