UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENZYME CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>SYNPEP CORPORATION<br><br>Defendant. | Civil Action No. 05-10626 PBS |

### AGREEMENT FOR CONSENT JUDGMENT AND PERIODIC PAYMENT SCHEDULE

AND NOW COME Plaintiff Genzyme Corporation ("Genzyme") and Defendant SynPep Corporation ("SynPep") and hereby agree as follows:

1. This Agreement for Consent Judgment and Periodic Payment Schedule ("Agreement for Consent Judgment") is conditional upon the breach by SynPep of the periodic payment schedule set forth herein.

2. Escrow. This Agreement for Consent Judgment will be held in escrow by Genzyme, subject to the conditions contained herein. As a precondition to filing this Agreement for Consent Judgment, Genzyme must attest to the Court that SynPep has failed to make payment under the periodic payment schedule set forth herein and that SynPep has failed to cure, pursuant to Section 5 of the Structured Settlement Agreement, any such breach within fourteen (14) calendar days of receiving written notice of its failure to make such payment.

3. **Periodic Payment Schedule.** Over the next six consecutive months (from June 30, 2005 to November 15, 2005), SynPep must purchase $98,000 worth of amino acid derivatives ("Product") from Genzyme in the quantities and at the prices listed below:

| AMOUNT | PRODUCT | PRICE |
|---|---|---|
| 20 kilos | Fmoc L-Trp(Boc)-OH | $3,000 per kilo |
| 10 kilos | Fmoc L-Cys(Trt)-OH | $2,100 per kilo |
| 10 kilos | Fmoc L-His(Trt)-OH | $1,700 per kilo |

SynPep's purchase of such Product from Genzyme will be in the form of six consecutive minimum monthly installment payments of $16,333.33, starting June 30, 2005 and ending November 15, 2005. After SynPep's initial purchase of Product on June 30, 2005, payment for such Product will be due to Genzyme on or before the 15th day of each month. Payment for Product will be made by certified or company check. If payment is made by company check, then Genzyme may wait on shipment of Product until the funds have cleared and are accessible to Genzyme. Payment will be sent via U.S. Mail or other recognized mail delivery service to:

David M. DeLoria
Director of Marketing and Special Projects
Genzyme Pharmaceuticals
500 Kendall Street
Cambridge, Massachusetts

4. **Notice and Cure.** If SynPep breaches the Agreement and fails to timely (by the 15th day of the month after the initial payment on June 30th) purchase a minimum of $16,333.33 worth of Product from Genzyme during any given month, it will be considered in default of the parties' Agreement. After service (via facsimile and U.S. Mail) of written notice of default on both SynPep and its counsel of record, SynPep will have fourteen (14) calendar days to cure the default by completing its required monthly

2

Case 1:05-cv-... ... Filed 01/20/2006    Page 3 of 5

purchase. Service of written notice will be considered complete upon deposit of such notice in the U.S. Mail.

5.  **Default**. In the event SynPep fails to cure any default within fourteen (14) calendar days of service of the notice of default on SynPep and its counsel of record, SynPep will be obligated to immediately pay Genzyme the entire amount demanded in the Complaint plus interest ($105,345.75 plus interest at the annual rate of twelve percent (12%) compounded monthly from March 20, 2005).

6.  **Confidentiality**. Genzyme and SynPep agree that the existence, terms, and conditions of this Agreement for Consent Judgment are to be kept confidential, in escrow, unless and until such time that Genzyme is permitted to file this Agreement for Consent Judgment in accordance with the terms herein.

7.  **Litigation**. Provided that SynPep is not in material breach of the periodic payment schedule set forth herein, subject to cure in accordance with Section 5 of the Structured Settlement Agreement, this Agreement for Consent Judgment will be held in escrow and will not be filed with the Court. In the interim, while this Agreement for Judgment is in effect, Genzyme agrees not to default SynPep. If necessary, Genzyme

agrees to represent to the Court that the parties are working towards settlement, such that the Court will not impose judgment against SynPep.

| **GENZYME CORPORATION**<br>By its attorney, | **SYNPEP CORPORATION**<br>By its attorney, |
|---|---|
| _____<br>Alexander Furey, BBO# 634157<br>Furey & Associates LLC<br>28 State Street, Suite 1100<br>Boston, Massachusetts 02109<br>Phone (617) 573-5114 | _____<br>Jason W. Morgan, BBO# 633802<br>Drohan, Hughes, Tocchio & Morgan, P.C.<br>175 Derby Street, Suite 30<br>Hingham, MA 02043<br>Phone (781) 749-7200 |

Dated: June 24, 2005

SO ORDERED: _____
United States District Court Judge

3/7/06

4

TOTAL P.05

agrees to represent to the Court that the parties are working towards settlement, such that the Court will not impose judgment against SynPep.

| | |
|---|---|
| **GENZYME CORPORATION**<br>By its attorney, | **SYNPEP CORPORATION**<br>By its attorney, |
| _____<br>Alexander Furey, BBO# 634157<br>Furey & Associates LLC<br>28 State Street, Suite 1100<br>Boston, Massachusetts 02109<br>Phone (617) 573-5114 | _____<br>Jason W. Morgan, BBO# 633802<br>Drohan, Hughes, Tocchio & Morgan, P.C.<br>175 Derby Street, Suite 30<br>Hingham, MA 02043<br>Phone (781) 749-7200 |

Dated: June 24, 2005

**SO ORDERED:**

_____
United States District Court Judge